SCOTT E. BRADFORD, OSB # 062824
United States Attorney
District of Oregon
**CASSADY A. ADAMS, CO Bar #48807**
Assistant United States Attorney
Cassady.Adams@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00249-SI** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **IRA ZANE DRAPER,** | |
| **Defendant.** | |

### Introduction

Defendant Ira Zane Draper is before the Court for sentencing following entry of a guilty plea to the charge of prohibited person in possession of ammunition, in violation of 18 U.S.C. § 922(g)(9).

In this case, the United States and the defendant jointly recommend a sentence of 24 months custody, followed by three years of supervised release.

//

**Government's Sentencing Memorandum**                                                        **Page 1**

**Factual Background**

**A. The Offense Conduct**

On March 16, 2024, a Umatilla tribal police officer responded to a call at a residence on the Umatilla Indian Reservation, in Pendleton, Oregon. PSR ¶ 23. The caller reported that a male (later identified as the defendant, Ira Draper) and a female had been repeatedly knocking on the door of the residence. *Id.* The male and female had gotten out of a truck that was parked in front of the residence. ECF 41, ¶5. Draper and the female eventually walked away to a nearby residence. PSR ¶ 23. The officer later learned that Draper and the female had mistaken the residence as belonging to their friend, who lived nearby. *Id.*

The officer observed a blue truck parked in front of the reporting party's residence, and he recognized the vehicle as belonging to Draper from previous contacts. PSR ¶ 24. From the exterior of the truck, the officer observed a box of ammunition in plain view. *Id.* The box read "CCI" and "22," which the officer recognized as .22 caliber ammunition. *Id.*

As the officer spoke with the reporting party, he observed Draper walk toward the truck and begin to open the truck door. PSR ¶ 25. Draper was asked about the ammunition, and he claimed it belonged to the female (his significant other). PSR ¶ 25. Police subsequently detained Draper, who was on probation and had recently been convicted of domestic violence assault charges. PSR ¶ 26. On Draper's person, the officer found a handcuff key, money, the truck's key, and a bag containing several "M30" pills (suspected fentanyl). PSR ¶ 28. Draper attempted to step on the pills prior to the officer seizing them. *Id.*

The officer seized the box of ammunition from the truck. PSR ¶ 29. It contained 52 rounds of ammunition, which was manufactured outside of the state of Oregon. PSR ¶ 29.

**Government's Sentencing Memorandum**                                                    **Page 2**

At the time of this offense, Draper was aware that he had a prior conviction for a misdemeanor crime of domestic violence (Assault in the Fourth Degree, Constituting Domestic Violence), which made him a prohibited person under federal law. ECF 41, ¶ 5. The victim in Draper's prior 2023 domestic assault case is the same female who was present with him when the police found the ammunition in his car in this case, in March 2024. PSR ¶¶ 23-27, 55.

### B.  Federal Indictment

On June 18, 2024, a federal grand jury returned an indictment charging Draper with prohibited person in possession of ammunition, in violation of 18 U.S.C. § 922(g)(9) (prior misdemeanor crime of domestic violence).

### C. The Plea Agreement & Guideline Computations

On February 10, 2026, Draper pleaded guilty to the sole count of the indictment, prohibited person in possession of ammunition, in violation of 18 U.S.C. § 922(g)(9). PSR ¶ 1.

The presentence report has calculated Draper's criminal history score to be 8, and his criminal history category is IV. PSR ¶ 59.

Under the plea agreement, ECF ¶ 41, the parties believed that Draper's base offense level was likely a base offense level of 20, pursuant to USSG § 2K2.1(a)(4)(A), based on Draper apparently having a prior controlled substance offense conviction. PSR ¶ 6. This is because Draper has a prior conviction of unlawful delivery of methamphetamine in 2013, for which he was initially sentenced to three years probation, and then revoked and sentenced to 14 days jail in 2012 and 30 days jail in 2015. PSR ¶ 51. However, in completing the presentence report, the U.S. Probation Office informed the government that this 2013 delivery of methamphetamine conviction does not score as a prior controlled substance offense under USSG § 2K2.1(a)(4)(A)

**Government's Sentencing Memorandum**                    **Page 3**

due to the age of the conviction and the fact that Draper did not receive a sanction of imprisonment over one year and one month. *See* USSG § 4A1.2(k)(2)(C) (revocations of probation). Therefore, the parties' guideline calculations for Draper in the plea agreement were incorrect, and Draper's base offense level is 14, not 20, pursuant to USSG § 2K2.1(a)(6)(A).

The government does not object to the guideline calculations in the presentence report.

With a total offense level of 13 and a criminal history score of IV, Draper's guideline range is 24-30 months custody. PSR ¶ 115.

For fairness reasons, considering the changed circumstances with Draper's guidelines from the plea agreement to the sentencing, the government and defense have agreed to jointly recommend a 24-month custody sentence, instead of the 27-month sentence that the parties agreed upon in the plea agreement. PSR ¶ 10. This 24-month sentence is also consistent with the sentencing factors under 18 U.S.C. § 3553(a), as described further below.

**Argument**

A.  **18 U.S.C. 3553(a) Sentencing Factors**

There are general factors that district courts take into account in exercising their sentencing discretion. Specifically, 18 U.S.C. § 3553(a) directs courts, "in determining the particular sentence to be imposed," to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) "the need for the sentence imposed" to serve purposes of the criminal laws;

(3) "the kinds of sentences available;"

(4) "the kinds of sentence and the sentencing range" established by the guidelines;

**Government's Sentencing Memorandum**                                                  **Page 4**

(5) "any pertinent policy statement" issued by the Sentencing Commission;

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a)(1)-(7).

Many of the § 3553(a) factors warrant the sentence requested by the government in this case, including the nature and circumstances of the offense, and the need for the sentence imposed to serve the purposes of the criminal laws. Those purposes include "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment . . . afford adequate deterrence . . . protect the public . . . ." and to provide needed education, training, treatment, and care to the defendant. 18 U.S.C. § 3553(a)(2).

**B. Analysis of Sentencing Factors**

A 24-month custody sentence is appropriate in this case, considering the factors set forth in 18 U.S.C. § 3553(a).

Defendant Ira Draper, a prohibited person, possessed ammunition in his vehicle on the Umatilla Indian Reservation in March 2024.  This occurred when Draper and his significant other knocked on the door of the wrong house in the middle of the night, causing the resident of the house to feel scared and call the police.

During the pendency of this case, Draper struggled with pretrial supervision, including by using controlled substances; ultimately, he absconded from pretrial release in January 2025 by jumping over the fence of the NWRRC. PSR ¶¶ 18-21. Draper was arrested approximately five months later, in April 2025, and he served approximately four months custody on his Umatilla

**Government's Sentencing Memorandum**                                                    **Page 5**

County supervision revocation before coming back to federal court for this case in September 2025. PSR ¶ 22.

Draper's conduct in this case and in his prior criminal cases shows that he has struggled with state supervision and he has been a nuisance (and on occasion, a danger) to the community on multiple occasions. PSR ¶¶ 48-60. While cases such as this one are often prosecuted in state court, the Umatilla Tribal Police Department referred this case to the U.S. Attorney's Office because it occurred on Indian Country—the Umatilla Reservation. Draper will hopefully benefit from federal supervision when he is done with his custodial sentence.

The recommended sentence of 24 months custody and three years supervised release is appropriate to address the community safety and rehabilitative concerns presented by Draper in this case, and to help give him the treatment tools he needs to address his drug addiction and other challenges so that he can make better decisions.

### Conclusion

Based on the foregoing, the government recommends the Court impose the joint sentencing recommendation of 24 months custody, followed by a three-year term of supervised release, and a $100 fee assessment.

Dated: April 29, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/Cassady A. Adams*
CASSADY A. ADAMS, CO Bar #48807
Assistant United States Attorney